IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK  DIVISION


SHEWAFERAW S. SHIBESHI                                                                PLAINTIFF


V.                                       CASE NO.  4:11CV00513 JMM


PHILANDER SMITH COLLEGE                                                            DEFENDANT


**ORDER**

Pending before the Court are Defendant's Motion to Dismiss, Motion to Dismiss First Amended Complaint, and Motion for Leave to File Reply Brief (#8, #12, and #17).  For the reasons stated below, the Motions to Dismiss are granted and the Motion for Leave to File Reply Brief is dismissed as moot.

Plaintiff, who is proceeding *pro se* originally filed a Complaint contending that Defendant violated the Immigration and Nationality Act ("INA"), § 11-4-405(c) of the Arkansas Labor and Hours Relation Code ("ALHRC"), the Arkansas Civil Rights Act ("ACRA"), and the common law doctrine of intentional inflection of emotional distress when Defendant altered his teaching schedule, reduced his salary, and denied him health insurance benefits.  At that same time Plaintiff filed an application for *in forma pauperis* status.

Originally, plaintiff contended that this Court had jurisdiction over his INA claims pursuant to federal question jurisdiction found in  28 U.S.C. § 1331 and that the Court had jurisdiction over his state law claims pursuant to 28 U.S.C. § 1367.

On July 28, 2011, the Court granted Plaintiff *in forma pauperis* status. In that same order the Court denied subject matter jurisdiction based upon a federal question because individuals do not have a private cause of action to enforce violations of § 1182(n) of the INA, but found jurisdiction based upon diversity as the amount in controversy exceeded $75,000 and Plaintiff was a citizen of Pennsylvania and Defendant was a citizen of Arkansas.

Defendant filed a Motion to Dismiss on August 23, 2011, contending that all of Plaintiff's claims should be dismissed because (1) there is no private right of action under § 1182(n) of the INA; (2) there is a one year statute of limitations on the ACRA claim; and (3) Plaintiff had failed to state facts sufficient to establish ACRA, wrongful termination, or outrage claims.

Plaintiff amended his Complaint on August 26, 2011, contending that jurisdiction was based upon diversity and brought claims based upon a breach of an employment contract, wrongful termination in violation of Arkansas Code Annotated § 11-4-405(c) of the ALHRC, employment discrimination in violation of Arkansas Code Annotated § 16-123-108 and § 16-123-107(b) of the ACRA, and the common law tort of outrage.

Defendant filed a Motion to Dismiss the First Amended Complaint contending that the breach of contract claims were based upon an immigration document, not a contract, and repeated its original arguments regarding ACRA, Arkansas Code Annotated § 11-4-405(c), and the outrage claims.

When analyzing a Rule 12(b)(6) motion, the Court construes the complaint in the light most favorable to the nonmoving party. *Ritchie v. St. Louis Jewish Light*, 630 F.3d 713, 715-16 (8th Cir. 2011). "To survive a motion to dismiss, the factual allegations in a complaint, assumed

2

true, must suffice 'to state a claim to relief that is plausible on its face.' " *Northstar Indus., Inc. v. Merrill Lynch* & Co., 576 F.3d 827, 832 (8th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, —–U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citing *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955).

The Court finds that Plaintiff has failed to state a claim based upon 8 U.S.C. § 1182(n) of the INA because individuals do not have a private cause of action to enforce violations of § 1182(n). *See Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 422-24 (4th Cir. 2005); *Shah v. Wilco Sys., Inc.*, 126 F. Supp.2d 641, 647 (S.D.N.Y.2000) (all holding that there is no private right of action under § 1182).

Moreover, by amending his Complaint to allege breach of contract claims instead of INA claims, Plaintiff is attempting to circumvent the non-availability of a private cause of action under § 1182(n). He alleges that the Labor Condition Application which employers file with the Department of Labor in order to employ non-immigration workers through the specialty occupation visa program is an employment contract.[1] The Court cannot agree. While this

---

[1] In his response to the Motion to Dismiss his Amended Complaint, Plaintiff states that his contract and retaliation claims are not based solely upon his immigration documents. He states that he has at his disposal a Faculty Employment Contract signed by the Defendant, a Petition for a Non-immigrant Worker and Notice of Actions I-797 and Defendant's Faculty Handbook. He contends his contract is based upon these documents.
    The only documents he attached to his response were immigration documents, the October 1, 2009 letter from the President of the College, and a letter from Department of Labor

document may be contractual in nature between the Defendant and the Department of Labor, it is not a contractual in nature between Plaintiff and the Defendant. *See Khanna v. Grandparents Living Theatre, Inc.*, 1997 WL 599930 (1997 Ohio App. 10 Dist.) (Labor Condition Application does not create a contract).[2] Even if there were a private cause of action, Plaintiff admits in his response to both pending motions that he has failed to exhaust his administrative remedies. *See Alves v Masters Entertainment Group*, 2008 WL 4452145 (N.D. Ind. 2008) (no private right of action based on allegations that employer violated the terms of a visa agreement in violation of the INA absent exhaustion of administrative remedies).

---

stating they will not investigate his claims that Defendant violated the INA because the claims were untimely. His Amended Complaint does not make any reference to a Faculty Employment Contract or the Faculty Handbook. The Amended Complaint states, "[d]efendant agreed to certain labor conditions and obtained certified Labor Condition Application (LCA) with U.S. Department of Labor to hire Plaintiff Dr. Shibeshi as Assistant Professor of Mathematics from August 14, 2009 to May 15, 2012. (See "Exhibit A")." Exhibit A is a five page Labor Condition Application for Non-immigrant Workers. It is the Amended Complaint with its accompanying documents which are considered by the Court, not the unsupported conclusory statements made in Plaintiff's response.

[2],In order to obtain H-1B visas for their employees, employers must file a Labor Condition Application with the Department of Labor under procedures set forth by 8 U.S.C. § 1182(n), which was incorporated into the Immigration and Nationality Act ("INA") by the Immigration Act of 1990 (the "1990 Act") and later amended by the American Competitiveness and Workforce Improvement Act of 1998 ("ACWIA"). See Pub.L. No. 101-649 § 205, 104 Stat. 4978, 5021-22 (1990); Pub.L. No. 105-277 § § 412-13, 112 Stat. 2681, 2981-642 to -650 (1998). The application must include, *inter alia*, statements that the employer will pay the H-1B aliens at "the actual wage level paid by the employer to all other individuals with similar experience and qualifications for the specific employment in question"; that the employer "did not displace and will not displace" any U.S. worker "within the period beginning 90 days before and ending 90 days after the filing of any visa petition supported by the application"; and that, prior to filing the application, the employer "has offered the job to any United States worker who applies and is equally or better qualified for the job." § 1182(n)(1)(A)(i)(I), (n)(1)(E)(i), (n)(1)(G)(i)(II).

Plaintiff has also failed to state a claim based for wrongful termination in violation of Arkansas Code Ann. § 11-4-405(c). This statute states in relevant part:

> Any servant or employee whose employment is for a definite period of time and who is discharged without cause before the expiration of that time may, in addition to the penalties prescribed by this section, have an action against any employer for any damages he or she may have sustained by reason of the wrongful discharge, and the action may be joined with an action for unpaid wages and penalty.

Ark. Code Ann. § 11-4-405(c).

The Court finds that this statute is not applicable to plaintiff as the statute provides remedies for employees who are seeking payment of wages due. *See* Ark. Code Ann. § 11-4-405; *McCourt Mfg. Corp. v. Rycroft*, 2009 Ark 332, 322 S.W. 3d 491, 495) (Ark. 2009). Plaintiff's does not argue that he was denied wages due to him, rather he claims that his wages were insufficient. Moreover, in his Amended Complaint, the document which Plaintiff contends sets a definite period of time of employment is the Labor Condition Application which requires an employer to attest to certain facts regarding the employment of aliens. As stated above any attestations by Defendant were made to the Department of Labor, not to Plaintiff.

Defendant contends that Plaintiff has failed to state a claim based upon violations of § 16-123-108 and § 16-123-107(b) of the ACRA because § 16-123-107(c) contains a one year statute of limitations and it has been more than one year since Plaintiff's termination. Plaintiff contends that his claim is brought pursuant to § 16-123-108, not § 16-123-107, and is therefore not untimely. The Arkansas Supreme Court has not specifically addressed which statute of limitations is applicable to § 16-123-108 retaliation claims.[3] Nonetheless, it is not necessary to

---

[3] *See Crites v. Cowan,* 2011 Ark. App. 11 (Ark. App. 2011).

determine which period of limitation is applicable as Plaintiff has failed to state a claim based on a violation of § 16-123-108.

To state a claim of retaliation, Plaintiff must allege that he engaged in a protected activity, he suffered an adverse employment action and that there was a causal connection between the protected activity and the adverse action. *See Burkhart v. American Railcar Industries, Inc.*, 603 F.3d 472, 477 (8th Cir. 2010). Plaintiff alleges that he engaged in a protected activity by writing letters to the President of the College on October 1st and 12th of 2009 regarding his wages. He also alleges that he was terminated on October 1, 2009, in a letter written by the Vice President of for Academic Affairs for failure to teach his classes. He admits in his Amended Complaint that he did not teach his classes from September 28, 2009 to October 1, 2009. His termination for failure to teach his classes was upheld by the President on October 28, 2009.

These allegations are insufficient to state a retaliation claim. Writing letters to the President of the College complaining about a reduction in pay which was based upon a reduction of teaching assignments does not qualify as a protected activity.

Plaintiff specifically bases his retaliation claim up § 16-123-108(a) which states that "[n]o person shall discriminate against any individual because such individual in good faith has opposed any act or practice made unlawful by [ACRA] or because such individual in good faith made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [ACRA]." ACRA makes it unlawful to discriminate against an individual based upon "race, religion, national origin, gender, or the presence of any sensory, mental, or physical disability." Ark. Code Ann. § § 16-123-107. None of Plaintiff's retaliation allegations assert that his termination was because of his opposition to any act or practice made unlawful by

6

ACRA.

To establish a claim for outrage, a plaintiff must demonstrate the following elements: (1) the actor intended to inflict emotional distress or knew or should have known that emotional distress was the likely result of his conduct; (2) the conduct was extreme and outrageous, beyond all possible bounds of decency, and was utterly intolerable in a civilized community; (3) the actions of the defendant were the cause of the plaintiff's distress; and (4) the emotional distress sustained by the plaintiff was so severe that no reasonable person could be expected to endure it. *Faulkner v. Ark. Children's Hosp.*, 347 Ark. 941, 957, 69 S.W.3d 393, 403-04 (2002).

The acts alleged in Plaintiff's Amended Complaint as extreme and outrageous are that: (1) Plaintiff was assigned to teach calculus, algebra, and physical science courses in the fall of 2009; (2) Plaintiff agreed to change his teaching schedule to part-time upon request of the administration; (3) upon realizing that part-time employment would mean less income, income below a living wage, and loss of his health benefits, Plaintiff became worried, fearful, and anxious; (4) Plaintiff was terminated after failing to appear for three lectures; (5) Defendant refused to renegotiate Plaintiff's work schedule or reverse their decision to terminate Plaintiff; (6) Plaintiff loss of income caused him severe financial problems, shock and distress; and (7) Plaintiff lost his health benefits and was unable to seek medical attention.  Under Arkansas law, these alleged actions do not rise to a level that, even if true, would establish liability for a claim of  intentional infliction of emotional distress.

Plaintiff's Amended Complaint is dismissed with prejudice and judgment will be entered accordingly.

IT IS SO ORDERED THIS  30  day of   September  , 2011.

_____
James M. Moody
United States District Judge